SHERIDAN-CLAYTON PAPER CO. v. UNITED STATES ENVELOPE CO.

ST. JOSEPH PAPER CO. v. SAME.

(Circuit Court of Appeals, Eighth Circuit.   May 1, 1916.)

Nos. 4364, 4365.

1. PATENTS ☞256—SALE OF PATENTED ARTICLES—RESTRICTIONS.

A purchaser of a patented machine must have notice that he buys with only a qualified right of use, having the right to assume, in the absence of knowledge, that the seller passes an unconditional title to the machine, with no limitations upon the use, and when a machine is sold without restrictions, though contrary to the seller's direction, the purchaser takes it free from restrictions.

[Ed. Note.—For other cases, see Patents, Dec. Dig. ☞256.]

2. PATENTS ☞301(1)—INJUNCTION—SUBJECTS OF RELIEF.

Many of complainant's devices for holding paper were sold free from patent restrictions, or were freed from restrictions because the purchasers were not notified. Defendant sold paper for use in such fixtures, and only in three instances was there an infringement of complainant's patent rights; it appearing that defendants made an effort not to infringe. *Held* that, where one of the sales which infringed was induced by complainant's own officers, defendants should not be enjoined; the injurious effect of the sales having long since passed, and the torts not being continuing.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 489, 493; Dec. Dig. ☞301(1).]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Suits by the United States Envelope Company against the Sheridan-Clayton Paper Company and against the St. Joseph Paper Company. From orders issuing injunctions against defendants, they appeal. Order reversed.

Edwin J. Prindle, of New York City (Warren H. Small, of New York City, and Graham & Silverman, of St. Joseph, Mo., on the brief), for appellants.

Louis W. Southgate, of New York City (O. Ellery Edwards, Jr., of New York City, and George Y. Thorpe, of Kansas City, Mo., on the brief), for appellee.

Before HOOK and CARLAND, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. These are appeals by defendants from orders of temporary injunction. The suits were brought by the United States Envelope Company to enjoin contributory infringement of patents Nos. 819,488 and 819,682, issued May 1, 1906, for improvements in toilet paper fixtures. The defendants are dealers in paper specialties. The contributory infringement claimed was in sales by defendants of toilet paper to plaintiff's licensees for use by the latter on the patented fixtures, contrary to license restrictions. See Henry v. Dick Co., 224 U. S. 1, 32 Sup. Ct. 364, 56 L. Ed. 645, Ann. Cas. 1913D, 880. There was no patent on the paper or its particular form or arrangement.

[1, 2] We have not found it necessary to consider the validity or scope of the patents, nor whether there is such a privity between the vendor and vendee of materials sold for use on a patented device contrary to license restrictions as will estop the former from questioning the patent, nor whether the instrument relied on here as a license is sufficient for plaintiff's purpose, nor whether a patented device which, as regards restrictions upon its use, has once passed beyond the limits of the monopoly by an unconditional sale, can thereafter be brought back by agreement between the patentee and purchaser. We think the evidence showed quite clearly that there were a large number of toilet paper fixtures in use throughout the United States and the market territory of defendants not subject to license restrictions on which their paper could be used without trespass on plaintiff's rights. Some of these fixtures never were under the patents mentioned, and many, though so covered, had been sold outright by the plaintiff and its distributors, without reservation or restraint upon their use. It is no answer to say the distributors acted contrary to instructions. There can be no contributory infringement by sale of materials to a purchaser who is free. It was said in Henry v. Dick Co., supra:

"To begin with, the purchaser [of a patented machine] must have notice that he buys with only a qualified right of use. He has a right to assume, in the absence of knowledge, that the seller passes an unconditional title to the machine, with no limitations upon the use."

The legend cast in the plaintiff's metal fixtures contained the customary patent marks, but unlike the mimeograph of the Dick Company there was nothing otherwise to show a restriction or limitation upon the freedom of use. The result was that large numbers of them which were sold outright got into the hands of purchasers who were at liberty to use any make or kind of paper upon them. This condition was doubtless recognized by plaintiff in its attempt to regain control by giving its license contracts a retroactive operation, so as to include fixtures already in use. The unrestricted field open to all dealers in toilet paper of the kind and form handled by defendants was broad enough to repel any general inference of intent to infringe plaintiff's rights.

It devolved upon the plaintiff to show specific wrongdoing of a character to justify the remedy of injunction. In this respect we think the plaintiff failed. Three instances only were shown in a long period prior to the commencement of the suit, one of which occurred and was known to plaintiff more than a year before. In two of them one defendant participated, and in the third the other. One of the sales of paper was inspired by a representative of the plaintiff, and all were either inadvertent or by employés contrary to instructions. The injurious effect of the three sales was soon at an end. There was no continuing tort in the proper sense, nor do the sales shown disclose, in our opinion, a course of business persisted in or threatened. In every suit in equity the fair rights of the defendant should be considered with those of the complaining party. From what appears in the present record we are impressed with the good faith of the defendants and their efforts to avoid invading the plaintiff's rights. Some isolated cases of infringement would not unnaturally follow the confusion in the market between restricted and unrestricted fixtures, for which the plaintiff and its distributors or sales agents were largely responsible, and where the evidence of the license restriction was not upon the fixtures themselves, but rested in either word of mouth or detached instruments of writing. The defendants owe good faith and endeavor to avoid infringement, but they ought not to be excluded from a lawful market, nor suffer unduly from the lax business methods of the plaintiff.

The order of injunction is reversed.